JULIA L. BENEDICT, BY HER NEXT FRIEND, FRED C. BENEDICT, v. MARY E. BEURMANN, CHARLES E. BEURMANN, and LEWIS C. CONRAD.

*Estates of deceased persons—Descent of property—Administrator's sale—Rents and profits—Partition—Costs.*

1. Prior to the amendment of How. Stat. § 5772*a*, subd. 2, 3, by Act No. 168, Laws of 1889, on the death of a son without issue, but leaving a widow and mother and brothers and sisters surviving him, his interest in the estate of his deceased father descended to his mother and brothers and sisters in equal shares, subject to the widow's life-estate and the dower interest of the mother therein.

2. Although the intent or fairness of an administratrix who becomes the purchaser of the estate at administratrix's sale is not open to proof or discussion as affecting the validity of the sale (*Dwight v. Blackmar*, 2 Mich. 330), yet, in determining the right of a complaining heir to share in rents and profits,

the situation of the estate and of the parties, and the motives, conduct, and equities of the purchaser, should be considered.

3. A next friend who files a bill to set aside an administratrix's sale, and to recover the interest of the infant complainant in the land, cannot accept a deed of a less interest than that to which the infant is entitled in settlement of the suit, and is therefore justified in continuing the litigation, and, if successful, is entitled to full costs.

4. For five years after the death of a husband, his widow and children resided upon the home farm, and she carried the indebtedness of the estate, when, being unable to do so any longer, she was appointed administratrix, and made a sale of the farm at administratrix's sale to her husband's brother, who conveyed it to her, with the exception of 40 acres before conveyed to a *bona fide* purchaser, the purchase money from which was applied towards the payment of said indebtedness. The mother and unmarried children continued to live on the remaining land, and she paid the taxes and built a house and made other improvements thereon, and devoted her widowhood to caring for the property and to the care and maintenance of her children, never intending to claim the land to the exclusion of any of the heirs. After she had thus occupied the land for 16 years, a child of a deceased daughter filed a bill to set aside the administratrix's sale, and to compel the widow to account for complainant's share of the rents and profits of the estate; which latter belief is denied, the widow's dower not having been assigned, or any proper steps taken for the partition of the estate; citing How. Stat. § 5744; *Zoellner v. Zoellner*, 53 Mich. 627.

Appeal from Livingston. (Newton, J.) Submitted on briefs January 7, 1892. Decided March 4, 1892.

Bill to set aside an administratrix's sale, for partition, and an accounting of rents and profits. Complainant appeals. Decree modified. The facts are stated in the opinion.

*Luke S. Montague,* for complainant.

*Rollin H. Person,* for defendants.

McGRATH, J. George E. Beurmann was at the time of his death, in 1874, the owner of a farm containing

170 acres, worth between $5,000 and $6,000. He left surviving him the defendant Mary E. Beurmann, his widow, and five children, as follows: Henrietta, aged 22 years; George C., aged 19 years; Julia E., aged 14 years; Wert W., aged 12 years; and Mary E., aged 8 years. George C. died intestate in 1879, leaving a widow, but no issue. Julia E. married Fred C. Benedict, next friend herein, and died intestate in 1880, leaving as her only heir the complainant, Julia L. Benedict. Mary E. Beurmann was, in January, 1880, appointed administratrix of the estate of her husband, George E. Beurmann. Subsequently a license was granted to sell the farm to pay debts, which aggregated some $1,700. It was sold in one parcel for $1,600, and bought in by Charles E. Beurmann, decedent's brother. In December, 1880, Charles E. Beurmann conveyed 40 acres of the land in question to Lewis C. Conrad for $1,300, which sum was applied to the payment of debts of George E. Beurmann, and paid all except a portion due to Mary E. Beurmann. Shortly afterwards Charles E. Beurmann conveyed the remainder of the land to Mary E. Beurmann.

Julia L. Benedict, by her father, Fred C. Benedict, next friend, files this bill, praying:

"*First.* That the said pretended administratrix's sale, and the deed thereon, may be decreed to be null and void, and set aside and be held for naught, and the said deed of sale be delivered up to be canceled; that your oratrix may be reinstated in her undivided one-fifth part of said premises, except and subject to the dower and homestead rights therein of the said Mary E. Beurmann; and that the due proportion of your oratrix's interest therein may be set out to her.

"*Second.* That the said court shall decree against the said Mary E. Beurmann and Charles E. Beurmann the amount due to your oratrix for her share of the rents and profits of said estate since the said pretended sale, and that they, and each of them, may be required to render an account of, and pay over to your oratrix, her

just share of the rents and profits arising from the said lands since the pretended sale."

*Third.* That defendants may be required to answer.

"*Fourth.* That, in case the court shall find that the said Lewis C. Conrad purchased said premises in good faith, and is entitled to hold the same against the rights of your oratrix, said Charles E. Beurmann and Mary E. Beurmann, or both of them, account to your oratrix for her share of the same, with interest from the date of said sale to Conrad."

*Fifth.* That the complainant be decreed the undivided one twenty-fifth part of said premises, being her share of the interest there n of George C. Beurmann, deceased, subject to the interest of the widow of said George C. Beurmann, deceased, in addition to the one-fifth share hereinbefore set forth.

The court below decreed the deed executed by the administratrix to be null and void as against the interest of complainant; that the interest of complainant was the undivided one-fifth interest in the property remaining after the conveyance to defendant Conrad, subject to the dower of defendant Mary E. Beurmann; "that, as to the claim of complainant for the undivided one-fifth part of the share of said premises owned by George C. Beurmann in his life-time, which is one-fifth of one-fifth of said described premises, subject to the dower interest therein of the widow of said George C. Beurmann, now Nettie Millis, said bill is dismissed, for the reason that there are not proper parties to the bill;" dismissed the bill as to defendants Charles E. Beurmann and Lewis C. Conrad, without costs; and ordered "that said defendant Mary E. Beurmann pay to complainant the costs of this suit up to the time said defendant offered to give a deed of said premises to complainant, which was after the filing of the bill of complaint in said cause, and before the answer therein, to be taxed."

Complainant appeals, claiming—

*a*—That she was entitled to a decree for the additional

one twenty-fifth part of said premises, subject to the dower right of Mary E. Beurmann and the interest of the widow of George C. Beurmann.

· b—That she was entitled to have her share of said premises set apart to her.

c—That she was entitled to an accounting and decree for her share of the rents and profits.

d—That she was entitled to full costs.

1. Complainant's interest in the estate of George C. Beurmann is as clearly defined by statute[1] as her interest in the estate of George E. Beurmann. George C. Beurmann died without issue, leaving a widow. His estate descended to his mother, brothers, and sisters, in equal shares, subject to the life-estate of his widow and the dower right of Mary E. Beurmann, and complainant was entitled to a decree accordingly.

2. Complainant was not entitled to a partition of the premises. One of the heirs of George E. Beurmann became of age in 1887. The statute (section 8698) had not run as against her,[2] and she is a necessary party to the proceedings for partition.

3. .The case presented does not warrant a decree for rents and profits, even though the proofs furnished a basis therefor. Although the intent or fairness of the parties to sales of this character is not open to proof or discussion as affecting the validity of such sales (*Dwight v. Blackmar*, 2 Mich. 330), yet, in determining the right of complaining parties to share in rents and profits, the situation of the estate and of the parties, and motives, conduct, and equities of the purchaser, should be considered. For five years after the death of George E. Beurmann, the widow and children resided upon the land in question, before administration was had. The indebtedness of the estate had been carried by the widow dur-

---

[1] How. Stat. § 5772a, sub. 2, 3, as they read prior to their amendment by Act No. 168, Laws of 1889.

[2] The bill was filed May 28, 1890.

ing all these years.   It became apparent that it could not be longer carried, and letters of administration were taken out.   At the time of the sale of the land the indebtedness amounted to $1,745.   In addition to this, the widow had advanced $500 to her husband, a claim for which was not presented to the estate.   Out of the proceeds of the sale to Conrad $1,200 .was applied to the payment of debts, leaving a balance unpaid of $545.   After the sale the entire family, except those of the daughters who had married, continued to reside upon the remaining portion of the farm.   Complainant's mother died within a few days after complainant's birth.   The grandmother took the motherless child, and cared for her about two years, treating her as one of the family.   No account was ever rendered by Mary E. Beurmann for the care of complainant, or of any of the children.   At the time of the filing of this bill the remaining children were aged, respectively, 38, 28, and 24 years.   They have all so far acquiesced in the result, and all but one has allowed the statute to run against his or her claim.   Mary E. Beurmann has paid the taxes, built a house upon the land, put up new fences, and has put down a new well upon the farm. She denies that she ever intended to treat the farm as her own, to the exclusion of any child or the issue of any child.   Indeed, complainant's father, who is her next friend here, testifies that, some seven or eight years before the filing of the bill herein, Mary E. Beurmann told him that complainant had the same interest in the land that her mother had before her.   All that the widow had has gone into the farm.   She has devoted her widowhood to it, and the care and maintenance of her children. Her purpose seems to have been to keep the family together, and to preserve the farm for them.   It is only by reason of her sacrifices and self-denial that anything

90 Mich.—26.

now remains for complainant. How. Stat. § 5744, provides that—

"When a widow is entitled to dower in the lands of which her husband died seised, she may continue to occupy the same with the children or other heirs of the deceased, or may receive one-third part of the rents, issues, and profits thereof, so long as the heirs or others interested do not object, without having the dower assigned."

As was said in *Zoellner v. Zoellner*, 53 Mich. 627:

"Under this section of the statute, the widow had a right to occupy the premises in question, with the children and other heirs, until some steps were taken to assign her dower or to partition the estate."

Here, as there, the administratrix continued in possession. No heir was ousted. In that case, as here, no steps had been taken for the assignment of dower, but the proceeding there instituted was for that purpose. Here, however, no case is before us in which partition can be had, and, until proper steps are taken for that purpose, the right to participate in the rents and profits does not begin to run.

4. Complainant was entitled to her costs. It appeared that, after filing the bill of complaint herein, Mary E. Beurmann offered to convey to complainant a one-fifth interest, subject to the dower interest of Mary E.; but, as we have already said, complainant was entitled, in addition, to a one twenty-fifth interest, subject to Mary E. Beurmann's right of dower, and also subject to the life estate of the widow of George C. Beurmann, deceased. The next friend could not accept less than complainant was entitled to, and was therefore justified in continuing the litigation.

The decree will be modified, in accordance herewith, with costs of both courts to complainant.

The other Justices concurred.