FREDERICK *v.* FIRST LIQUIDATING CORPORATION.

JUDGMENT—RES JUDICATA—COMPROMISE AND SETTLEMENT.

Where all of the assets of the estate of plaintiff's ancestor were disposed of in a compromise settlement agreement and by the final order of the probate court assigning residue of the estate, plaintiff who was represented by guardian in proceedings

Generally, a party to an action at the time of rendition of a valid judgment therein is bound by and entitled to the benefits of the rules of *res judicata,* see Restatement, Judgments, § 79.

antecedent to such instrument and order was precluded from asserting an interest in the estate by both the agreement and the order of the probate court on the ground of *res judicata*.

Appeal from Wayne; Neuenfelt (Lila M.), J. Submitted January 10, 1947. (Docket No. 23, Calendar No. 43,573.) Decided April 17, 1947. Rehearing denied May 16, 1947. Certiorari denied by Supreme Court of the United States October 13, 1947.

Ejectment by Pompey Marxhausen Frederick, by next friend, against First Liquidating Corporation and others to obtain possession of real estate. Motions to dismiss granted. Plaintiff appeals. Affirmed.

*Don Mahone Harlan,* for plaintiff.

*Bodman, Longley, Bogle, Middleton & Armstrong* (*Grant E. Armstrong,* of counsel), for defendant First Liquidating Corporation.

*Friedman, Meyers & Keys* (*Sylvan Rapaport,* of counsel), for defendant Massachusetts Mutual Life Insurance Company.

*Irwin I. Cohn* (*John Sklar,* of counsel), for Merchants Apparel Building, Inc.

BOYLES, J. This is an action in ejectment brought by the plaintiff in the circuit court for Wayne county whereby the plaintiff seeks to obtain possession of certain lands and premises in Detroit. Three separate motions to dismiss the declaration were filed, by the defendant First Liquidating Corporation, the Massachusetts Mutual Life Insurance Company, and by the defendant Louis H. Schostak. All of

said motions were substantially on the same grounds. Plaintiff appeals from an order granting the motions and dismissing his suit.

In his declaration plaintiff (by next friend) alleges that he is confined in a school for epileptic and feeble-minded children in Missouri; that upon the death of his mother in 1924 he became vested with ownership in fee simple of an undivided 46⅔ per cent. of an undivided one half of lot 10, section 9, of Governor and Judges plan, Detroit, Wayne county, Michigan. He bases this upon a claim of ownership in his grandfather, August Marxhausen, and a devise in the will of said August Marxhausen.

The record here conclusively establishes that in 1926 and 1927 appropriate proceedings were had in the probate court for Wayne county, in the estate of said August Marxhausen, deceased, whereby the executor of said estate, under license of said court, mortgaged said lands and real estate to pay debts, charges and expenses. Said mortgage was duly confirmed by order of said probate court January 18, 1927, and executed forthwith to the Dime Savings Bank as mortgagee. In February, 1928, the parties interested in said estate petitioned the probate court for authority to enter into a certain compromise settlement and adjustment agreement. Plaintiff, then a minor, joined in this petition, by one Christian Frederick as guardian. An order was thereupon entered in said probate court approving said agreement and authorizing execution thereof by Christian Frederick as such guardian. By the terms of said agreement it was provided that the lien of the Dime Savings Bank under the aforesaid mortgage was recognized. Subsequently said Christian Frederick, as guardian of the plaintiff, petitioned the court to set aside said settlement agreement

and the proceedings confirming the same. This was denied by the probate court and the denial was ultimately confirmed by this Court in *Re Marxhausen's Estate,* 247 Mich. 192, where it was held that the order approving the settlement among the interested parties in the estate was binding upon the plaintiff herein.

In 1928 the estate of August Marxhausen was closed in probate court and executor discharged. All of the assets of the estate were disposed of in the compromise agreement and by the final order of the probate court assigning the residue of said estate. Plaintiff's guardian received $5,254.26. The mortgage hereinbefore referred to was assigned by the mortgagee to the First National Bank-Detroit. It went into default and in June, 1937, was foreclosed and the premises purchased by the First National Bank-Detroit at the foreclosure sale. Thereafter, by subsequent conveyances and a mortgage, the defendants herein acquired title to or lien on said premises.

There were no disputed issues of fact to be determined in this case. The orders of the probate court are *res judicata* and the proceedings in said court stand as a bar of plaintiff's rights in the property in question. The settlement agreement, approved by the probate court in the proceeding wherein plaintiff was a party by guardian, and by this Court in *Re Marxhausen's Estate, supra,* also stands in the way of plaintiff's present claim of an interest in the property. The circuit judge who heard the motions, discussed and correctly disposed of plaintiff's various claims of invalidity or irregularity in the probate proceedings and the mortgage foreclosure. The various questions raised by appellant in his brief have been considered and found

without merit.   None of them is controlling of the decision herein.

The order dismissing the declaration is affirmed, with costs to defendants.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, REID, NORTH, and DETHMERS, JJ., concurred.