*In re* KEHLMAN ESTATE.

COLMAN *v.* HUNT.

Wills—Agreement Relative to Distribution—Approval of Court.
    An agreement between presumedly competent, adult persons, heirs of testatrix, providing for a distribution of her estate at variance with that of her will, but not frustrating or seeking to evade the expressed will of the testatrix, required no approval of court by virtue of statute empowering probate courts to administer the estate in accordance with such agreement (CL 1948, §§ 702.45–702.48).

---

References for Points in Headnotes
57 Am Jur, Wills § 1005.
Validity of agreement among beneficiaries for distribution in manner or proportions other than that provided by will. 97 ALR 468.

Appeal from Van Buren; Mosier (Carl D.), J. Submitted January 12, 1960. (Docket No. 51, Calendar No. 47,979.) Decided February 25, 1960.

In the matter of the estate of Elizabeth W. Kehlman, deceased, Robert D. Colman, ancillary administrator of the estate of Thomas Webb, a deceased heir, attacked an agreement in respect to division of property in safety deposit box held jointly with Elsie Hunt. Order entered directing assignment of residue in accordance with agreement. Affirmed.

*Eric V. Brown,* for Robert D. Colman.

*Dorothy M. Hunt (Walter K. Schmidt of Schmidt, Smith, Howlett & Halliday,* of counsel), for Elsie Hunt.

BLACK, J. By a simple 2-paragraph will this testatrix bequeathed her entire estate in equal shares to her 2 adult sisters and adult brother. The will was duly admitted to probate. Thereupon discord arose as the 3 legatees debated ownership of the property content of a safety deposit box. Prior to death of the testatrix, the box was maintained in the joint names of testatrix and 1 of the legatees (Elsie Hunt). While the estate was in course of probate, such legatees executed an agreement providing that the contents of the box be divided a certain way among them and providing further that testatrix' entire estate, aside from the property found in the safety deposit box, be distributed as in the will provided.

The only seriously advanced question is whether the settlement agreement requires judicial approval under the second and third sections of the so-called Dodge act of 1921* (for discussion and citation see

---

* PA 1921, No 249, re-enacted and superseded by part of probate code, CL 1948, §§ 702.45–702.48 (Stat Ann 1943 Rev §§ 27.3178 [115]–27.3178[118]).—REPORTER.

*In re Dutton Estate,* 347 Mich 186). Presumably, although this is not made clear in the briefs, the appellant (fiduciary of deceased legatee Thomas Webb) expects on hearing under the Dodge act (if ordered by this Court) to show that the agreement of settlement is invalid or, for some appropriate reason considering the statute, that it should not receive judicial approval.*

The agreement required no approval of court under the Dodge act or otherwise. The contracting parties were competent, as we must presume, and their agreement in no manner frustrated or sought to evade the expressed will of the testator. See to the point *In re Peck's Estate,* 323 Mich 11, 22.

Other presented questions require no consideration. The judgment of the circuit court, affirming the probate court order of assignment of testatrix' estate, should be affirmed, with costs to appellee.

DETHMERS, C. J., and CARR, KELLY, SMITH, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

* A separate chancery action, brought by Mr. Webb's fiduciary to set aside the settlement agreement as fraudulent, was dismissed after the briefs before us were filed. Whether such dismissal was with prejudice does not definitely appear.