VOIGT *v.* DETROIT BANK & TRUST COMPANY.

1. COURTS—PROBATE COURT—ORDERS.

  The probate court is a court of record and its orders are as final and conclusive as those of any other court.

2. JUDGMENT—RES JUDICATA—ISSUES NOT RAISED.

  Conclusions of law and fact actually reached by a court in an earlier proceeding are *res judicata,* and the prior determination precludes litigation of any issue of law or fact which a party to the earlier proceeding could have raised to sustain or defeat the claim therein advanced, though he did not do so.

3. ESTATES OF DECEDENTS—SETTLEMENT—APPROVAL BY PROBATE COURT.

  A settlement of an estate not in accordance with will admitted to probate, made between interested parties in the estate who are all adults and where no fraud or mistake is involved, is binding upon all parties in interest without approval of the settlement by the probate court.

4. PLEADING—RES JUDICATA.

  A bill of complaint does not set forth a valid cause of action, where it shows on its face that there has been a previous adjudication binding on the parties involved.

5. ESTATES OF DECEDENTS—ADMISSION OF WILL TO PROBATE— PARTIES.

  Heirs-at-law of brother of childless testatrix, who had been specifically disinherited by her, and who, if alive at time

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 14 Am Jur, Courts § 8.
[2] 30A Am Jur, Judgments § 376.
[3, 9] 57 Am Jur, Wills § 1005.
  Validity of agreement among beneficiaries for distribution in manner or proportions other than that provided by will.    97 ALR 468.
[4] 30A Am Jur, Judgments § 441.
[5] 57 Am Jur, Wills § 802.
[6, 7] 57 Am Jur, Wills § 939.
[8] 57 Am Jur, Wills § 964.

his heirs-at-law and personal representative sought to set aside order admitting her will to probate, could not have been heard to claim he could have relied upon another of her heirs-at-law to protect his interests since he could have done so himself, are likewise unable to claim he could have done so.

6. WILLS—ADMISSION TO PROBATE—FRAUD—PARTIES.

An alleged fraudulent agreement between an heir-at-law of estate of testatrix and parties who were not parties in interest in such estate would not constitute fraud justifying the setting aside of an unappealed order of the probate court admitting the will to probate.

7. SAME—ADMISSION TO PROBATE—NOTICE OF HEARING—APPEAL.

The failure of the disinherited brother of childless testatrix to appeal from probate court order admitting the will to probate within the time limited by statute precludes either his estate or his heirs from filing a bill to set aside such order, where he had ample notice with reference to the hearing on the admission of the will to probate (CL 1948, § 701.36).

8. EQUITY—JURISDICTION—PROBATE ORDERS.

Equity may be resorted to only upon a sufficient showing of some ground for the exercise of equitable jurisdiction such as mistake or extrinsic fraud, and not merely to review the action of the probate court, fraud justifying equitable relief against probate orders or judgments being extrinsic.

9. WILLS—SETTLEMENT AGREEMENT—PARTIES—DISINHERITED RELA-
TIVE.

Settlement agreement between parties in interest in estate of childless testatrix, all of whom were adults, was not void by reason of the fact that her brother who had been specifically disinherited by the testatrix and, although he was given the right to oppose the allowance of the will to probate, neither entered an appearance nor took any action to appear in op-position to allowance of the will to probate and was not a party to the settlement agreement.

Appeal from Wayne; Neuenfelt (Lila M.), J. Sub-mitted April 5, 1960. (Docket No. 10, Calendar No. 48,435.) Decided July 11, 1960.

Bill by Edward W. Voigt, Margaret J. Venners, Carol Voigt O'Connell, and Carrie E. Voigt, in-

dividually and as administratrix of the estate of William F. Voigt, deceased, against the Detroit Bank & Trust Company, administrator with will annexed of the estate of Augusta L. Voigt, deceased, Else R. Smoke, and others to set aside order admitting will to probate. Bill, as to defendant administrator, dismissed on motion. Plaintiffs appeal. Affirmed.

*Everett D. Crowe* and *Edward W. Gleeson,* for plaintiffs.

*Leo J. Carrigan,* for defendant Detroit Bank & Trust Company.

Kavanagh, J.    Plaintiffs filed a bill of complaint seeking to set aside an order of the Wayne county probate court admitting to probate the will of Augusta L. Voigt, deceased. Decedent died on September 7, 1956. She left as heirs-at-law William F. Voigt, a brother, and 2 children of a deceased sister, Christine V. R. Moose and Elsa M. B. Smoke (also known as Else R. Smoke). Her will, dated February 21, 1949, divided all of her estate equally among the 2 nieces, Christine V. R. Moose and Else R. Smoke, and 2 grandnieces, Roberta Ann Moose (Erickson) and Barbara Joan Moose (Tecmire). The will provided in paragraph fourth as follows:

"I am not remembering my brother, William F. Voigt or his children, in my estate because I have not been permitted to see him in 18 years, and because he was amply provided for from my father's estate."

On September 13, 1956, petition for probate of the will was filed and notice of the hearing for allowance thereof was sent to the above-named beneficiaries and to William F. Voigt. On November 9, 1956,

the probate court allowed the will, as modified by
the terms of a settlement agreement then entered
into between the beneficiaries.    William F. Voigt
did not appear in opposition to the probate of the
will and was not a party to the agreement.    The
probate file of Augusta L. Voigt discloses a notice
of hearing and proof of service by Jacob F. Schul-
man, special administrator, asking that his first and
final account be allowed, his fees paid, et cetera.    The
order is dated January 16, 1957, and was ordered
mailed to William F. Voigt.    There is a returned
registered card signed by William F. Voigt by Car-
rie E. Voigt, wife of William F. Voigt.    No appear-
ance was ever filed by William F. Voigt in the pro-
bate matter.    No written objections were ever filed
by him objecting to the admission of the will of
Augusta L. Voigt to probate.

William F. Voigt died on December 12, 1957, a
year and 3 months after the death of his sister.    The
plaintiffs in this case are his heirs-at-law, being his
children and his widow, the latter also suing in her
capacity as administratrix.    The bill of complaint
alleges that on October 1, 1956, defendant Else R.
Smoke conferred with plaintiff children of William
F. Voigt regarding the filing of objections to the
allowance of the will of Augusta L. Voigt on the
grounds of mental incompetency, et cetera; that the
substance of this conference was conveyed to Wil-
liam F. Voigt; and that William F. Voigt and his
heirs, the plaintiffs herein, relied on the agreement
reached that Else R. Smoke would cause objections
to be filed to the allowance of said will and would
contest the allowance of the will in good faith.

Plaintiffs allege that prior to November 9, 1956,
without the knowledge of or notice to William F.
Voigt, Else R. Smoke came to an agreement with
the other legatees under the will that, in considera-
tion of a 10% increase in her share of the estate,

she would not file objections to nor contest the allowance of the last will and testament of Augusta L. Voigt; and that this agreement was executed without knowledge of or notice to William F. Voigt and the individual plaintiffs herein.

The bill of complaint further alleges that on November 9, 1956, there being no objections filed to the allowance of the last will of Augusta L. Voigt, and the probate court being advised that an agreement modifying the terms of the last will and testament had been entered into by all the parties, allowed the last will of Augusta L. Voigt as modified by a written agreement to be filed later, which agreement was subsequently filed on November 14, 1957. Plaintiffs allege in the bill of complaint that the agreement was not executed by William F. Voigt; that it was submitted to the court without the knowledge of William F. Voigt or the knowledge of the members of his family; that William F. Voigt in his lifetime had no notice or knowledge of the agreement and that plaintiffs herein have but recently learned of the execution and filing of said agreement.

The bill of complaint further alleges that William F. Voigt and the members of his family relied in good faith upon the promises of Else R. Smoke and were lulled into a feeling of security that objections to the allowance of the will would be filed by her, and that the making of the agreement with other interested parties to the exclusion of knowledge and notice to William F. Voigt and to members of his family was an outright fraud upon him and them.

The Detroit Bank & Trust Company was appointed administrator with will annexed of the estate of Augusta L. Voigt. Motion to dismiss the bill of complaint was filed by the administrator with will annexed. The reasons for the motion to dismiss were as follows:

(1) The present action is barred by the order of the probate court entered November 9, 1956, allowing the last will and testament of Augusta L. Voigt.

(2) The plaintiffs are not proper parties to raise any question to the admission to probate of the will of Augusta L. Voigt, deceased, as they were not heirs-at-law or devisees or legatees under her will.

(3) No appeal was taken from the order of the probate court, which stands as the law of the case since William F. Voigt was a party to the proceeding.

(4) Plaintiffs are estopped by the action of William F. Voigt during his lifetime from taking any action inconsistent therewith.

(5) Plaintiffs have been guilty of laches.

(6) The agreement alleged between plaintiffs and Else R. Smoke is against public policy and, therefore, plaintiffs do not come into this Court with clean hands.

(7) Plaintiffs have an adequate remedy at law, inasmuch as the cause of action is alleged to be based solely on the fraud of Else R. Smoke.

(8) The circuit court has no power to restrain administration of the estate by the probate court for the reasons advanced by plaintiffs.

After argument and briefs, the circuit judge dismissed the bill of complaint with respect to the Detroit Bank & Trust Company, holding the order of the probate court is *res judicata* of the issues here involved and the present bill of complaint does not set forth a valid cause of action because it shows on its face that there has been a previous adjudication. The court also held that plaintiffs were not heirs-at-law of Augusta L. Voigt and that they could not have filed any objections whatever to the probating of her will at the time it was allowed by the court. The court further held that

although William F. Voigt could have filed objections to the probating of the will—he had notice of the death of his sister and of the hearing on the probate of the will—he saw fit not to do so, and after this long period of time plaintiffs are not in a position to file objections for him.

Plaintiffs appeal to this Court alleging the circuit court was in error in holding that the probate court properly allowed the will for probate when there were no objections filed, by modifying the will by an agreement to be filed later. No formal objections were filed in the cause and no proofs taken as to a good-faith controversy, nor was there any contest before the court on which to base an order under the so-called Dodge act.* Appellants claim that the bill of complaint stated a cause of action in that it alleged both intrinsic and extrinsic frauds, although they admitted said frauds did not apply to the fiduciary. It is the contention of plaintiffs that the only authority in Michigan for a court to change the will of a testator is under the so-called Dodge act, and unless the change were made under this act, the attempt would be abortive and the order allowing the same void.

The court was fully informed that Else R. Smoke intended to contest the will. It was also fully informed that a settlement had been made and as to the terms of the settlement, as is shown by the order admitting the will to probate.† William F.

* Now in probate code, see CL 1948, § 702.45 *et seq.* (Stat Ann 1943 Rev § 27.3178[115] *et seq.*).

† "An agreement of compromise and settlement of a controversy arising out of the admission to probate of an instrument in writing purporting to be the last will and testament of said deceased bearing date the twenty-first day of February, A.D. 1949, having been this day filed in this court; it appearing to the court that said controversy is in good faith and that it would be for the best interest of said estate and all of the persons in interest in said matter to approve said agreement and to authorize the fiduciary of said estate to carry out the provisions thereof:

Voigt was a party to the proceedings in the probate court. The probate court is a court of record and its orders are as final and conclusive as those of any other court. *Westin* v. *Berrien Probate Judge,* 306 Mich 235. William F. Voigt could have objected to the allowance of the will, but he did not do so. In *Dodge* v. *Detroit Trust Co.,* 300 Mich 575, this Court said (p 611):

"From these authorities we hold that conclusions of law and fact actually reached by the court in the earlier proceeding (especially those incorporated in the decree by way of preamble) are *res judicata,* and further, that a prior decree precludes litigation of any issue of law or fact which a party to the earlier proceeding could have raised to sustain or defeat the claim therein advanced, though he did not do so."

The facts in the instant case are almost the same as in *In re Peck's Estate,* 323 Mich 11, where the contention was made that it was necessary to have the settlement agreement approved by the probate court. This Court, speaking through Mr. Justice Butzel, said (p 22):

"It was not necessary to secure the consent of the probate court to the settlement as there were no minors or unknown heirs involved. The court encourages settlements where there is no fraud or mistake and the parties are of age, particularly so where there is a full understanding of the provisions in the settlement and the parties are represented by able counsel."

---

"It is ordered that said agreement be and the same is hereby approved.

"It is further ordered that said agreement, having been made complete by the due execution thereof by all of the persons in interest in said matter, shall become valid and binding upon all of the parties thereto, including the fiduciary of said estate, and that all further proceedings in and about the administration of said estate be had in accordance with the terms and provisions of said agreement."

Justice BUTZEL went on to say (p 22):

"PA 1939, No 288, chap 2, §§ 45, 48, * * * sometimes called the Dodge act, does provide a method for securing approval of settlement by the probate court and the purpose of the act principally was to allow settlements to be made with approval of the court so as to bind minors and unborn heirs and others whose present existence or whereabouts cannot be ascertained, et cetera. It does not prevent settlement of controversies by parties legally competent to act in their own behalf."

See *In re Kehlman Estate,* 359 Mich 4, 6, following *In re Peck's Estate, supra.*

In *Frederick* v. *First Liquidating Corp.,* 317 Mich 637, this Court held the settlement among the interested parties in the estate was binding upon the plaintiff and that the orders of the probate court were *res judicata.* See *In re Marxhausen's Estate,* 247 Mich 192.

In *Westin* v. *Berrien Probate Judge, supra,* Mr. Justice BUSHNELL, writing for the Court, said (pp 242, 243):

"The order of the probate court is *res judicata* of the issues here involved and the present bill of complaint does not set forth a valid cause of action because it shows on its face that there has been a previous adjudication."

William F. Voigt, if alive today, could not be heard to claim that he had a right to rely on Else R. Smoke to protect his interests when the means of doing so himself were afforded to him; nor can his legal representative and his heirs-at-law be heard to claim that he had a right to do so. It is to be noted the bill of complaint does not allege that Else R. Smoke made any agreement with William F. Voigt. Any agreement made with the present plaintiffs, since they were not parties in interest in

the estate, would not constitute fraud justifying the setting aside of an unappealed order of the probate court. Here, as in *Melvin* v. *Reading,* 346 Mich 348, we find slumbering on one's rights by failure to appeal from the order of the probate court within the time limited by statute.[*]  Ample notice was given William F. Voigt with reference to the hearing on the admission of the will to probate. His failure to appeal within the statutory time precludes either his estate or his heirs from filing the bill in the instant case. This Court in *Ombrello* v. *Duluth, S. S. & A. R. Co.,* 252 Mich 396, 403, where a bill in equity to set aside an order of the probate court and settlement pursuant thereto was filed, said in quoting from 3 Freeman on Judgments (5th ed), § 1184, pp 2458, 2459:

" 'Equity may be resorted to only upon a sufficient showing of some ground for the exercise of equitable jurisdiction such as mistake or extrinsic fraud, and not merely to review the action of the probate court. * * * The fraud which will justify equitable relief against probate orders or judgments must, of course be extrinsic. Mere perjury or false testimony is not ground for relief.' "

No intrinsic or extrinsic fraud is alleged in the bill of complaint giving plaintiffs a cause of action.

Appellants contend William F. Voigt was a necessary party to the settlement agreement. William F. Voigt neither entered an appearance nor took any action to appear during his lifetime in opposition to the allowance of the will to probate, although he was given the right to do so. Since he was to receive nothing under the will, the fact that he did not sign the settlement agreement under these circumstances would not void the agreement and the

---

[*] See CL 1948, § 701.36 (Stat Ann 1943 Rev § 27.3178[36]).— Reporter.

order pursuant thereto. *Hoste* v. *Dalton,* 137 Mich 522.

The order of the circuit court dismissing plaintiffs' bill of complaint with respect to the Detroit Bank & Trust Company is affirmed. Defendant administrator with will annexed and appellee shall have costs.

Dethmers, C. J., and Carr, Kelly, Smith, Black, Edwards, and Souris, JJ., concurred.