## John S. Weeks v. Helmus Downing.

*Fraud : Agency : Sale of lands : Title : Evidence.* When fraud is charged on an agent and made to depend on his management of a sale of lands, the condition of the title to the lands, and the agent's knowledge of its condition, are pertinent subjects of inquiry.

*Declaration : Variance.* Under a count for fraud against the plaintiff alone in such a sale, it is error to allow a recovery for the interest of his brother, from whom he has simply an assignment of the proceeds of sales by such agent.

*Evidence : Title : Ejectment : Parties : Res inter alios.* An ejectment record in a suit brought by co-heirs of the plaintiff against third parties, and to which the plaintiff was not a party, has no relevancy to prove title in the plaintiff.

*Evidence : Title : Chancery suit.* A chancery record in a suit brought by plaintiff's ancestor, through whom he claimed title, against third persons, would be relevant, as it established the title of such ancestor as against the defendants thereto; and the plaintiff, as one of the heirs at law, was entitled to its benefit.

*Evidence : Chancery record : Attestation.* A chancery record from another state, attested by the clerk and presiding judge in the form required by the act of congress, is not open to objection for improper attestation because there is appended an additional clerk's certificate not inconsistent with the proper one, but rather corroborative of it; such additional certificate could not vitiate the transcript.

*Title to lands : Evidence : Abstracts : Stipulation.* Mere abstracts of title which are unintelligible without the aid of some proof to explain the meaning of ab-breviations and initial letters used in them, introduced in evidence under a stipulation which does not determine what effect shall be given to them, are insufficient of themselves to establish title to lands.

*Heard July 9.   Decided July 14.*

Error to St. Joseph Circuit.

*C. J. Beerstecher* and *John B. Shipman*, for plaintiff in error.

No counsel appeared for defendant in error.

CAMPBELL, J.

Downing ·sued Weeks in case, the declaration containing two counts. The first count set up in substance that Weeks, as attorney in fact for Downing and his brother, who were owners each of one-seventh interest in certain Indiana lands, made fraudulent and collusive sales for much less than the worth of the property. The second count was to recover moneys received by him as such attorney, and not paid over or accounted for, and claims the amount due both brothers, as belonging by assignment to Helmus.

The peculiar and somewhat confused condition of the record will make it more convenient to refer to the prin-ciples which govern the proceedings and their application, than to take up all the points separately.

The ·power of attorney under which Weeks acted was given in the spring of 1866, by Helmus Downing, the plaintiff, and his brother, Theodore Downing, each of whom owned by inheritance one-seventh interest in lot sixty, in Elkhart, formerly owned by their deceased mother, Lola Downing, and one-seventh, or one-fourteenth, it is not clear which, in fractional section six, in town thirty-seven, in Elkhart county, formerly owned by their father, Rufus Downing. The plaintiff and his brother lived in California, and Weeks in Centreville, St. Joseph county, Michigan.

Weeks sold the land and settled for what he claimed to be the proceeds, with plaintiff.

The court below, on the trial, ruled out a certain item of evidence tending to show that defendant could find no. record title in the plaintiff. This was erroneous. The whole issue under the first count (which seems to have been the principal cause of action before the jury), depended on the existence of a fraudulent sale at a lower price than the title was worth. The condition of the title and its marketable character became very important in this controversy, and there was evidence on both sides bearing upon its quality. Where fraud is charged on an agent, and made to depend on his management of a sale of lands, it must be determined more or less by the fact whether the agent knew the condition of the title, and what that condition was, on or off the records.

It was also error to allow plaintiff to set up any right under the first count for any interest in the land, except his own original interest. The count is confined to that, and there was neither averment nor proof which could authorize him to claim Theodore's interest in any thing but the actual proceeds of sales. Under the first count he only declared for the fraud against himself.

Transcripts of two Indiana judgments were introduced to show the title had been made good against some apparent defects. One was a chancery suit establishing Lola Downing's title to lot sixty. The other was an ejectment suit, to which plaintiff was not a party, brought by the other heirs of Rufus Downing, and one Nelson Downing (who appears to have claimed, and perhaps to have owned one-half of section six), against Jackson P. Steele and Louisa J. Horton, to recover section six.

We see no relevancy in the ejectment record. It was not brought for this plaintiff; and if it proves any thing material, it shows a recovery of the entire land as the property of the plaintiffs named in it, which would not aid

Helmus.  But it could neither help nor injure him, because he was a stranger to it.

The Lola Downing chancery suit established her title to be good, as against the defendants whom she had sued; and plaintiff, as one of her heirs at law, was entitled to its ben-. efit.  An objection was made to the attestation.  But it is made by the clerk and presiding judge in the form required by the act of congress; and an additional clerk's certificate appended to it could not vitiate the transcript, and was only corroborative, if it is to be regarded at all. It was rightly admitted.

Two documents, called abstracts of title, were introduced under stipulation, and used as evidence of the state of the title.  Without some proof that the laws of Indiana recognize such instruments, we are somewhat at a loss to understand how they can show title.  The stipulation under which they were produced does not determine what effect shall be given them.  They are in some respects almost unintelligible; and are absolutely so without the aid of some proof to explain the meaning of the abbreviations and initial letters, which were intended to stand for words which may be guessed at, but which need explanation.  As the record now appears, the charge given to the jury, that they make out title, seems to be erroneous.

There are several other points raised by the assignments of error.  But as the cause was heard *ex parte*, and it is difficult for us to determine how far they may become important on a new trial, we are not disposed to pass upon them.

For the errors mentioned, the judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.