## BABCOCK v. BABCOCK.

1. APPEAL AND ERROR—REMEDY—DECISION ON DEMURRER.
   The proper remedy in case of the erroneous overruling of a demurrer to a bill in chancery is by appeal from the order, and not by appeal from the final decree.

2. EQUITY—BILL—SUFFICIENCY—BILL IN AID OF EXECUTION.
   A bill alleging that complainant secured a decree of divorce and an award of alimony against her husband, and levied upon his interest in certain lands inherited from his father; that prior to her levy he conveyed his interest to his brother; that a fictitious claim was collusively allowed the brother against the estate of the father, and that proceedings are being taken to sell all the real estate of which the father died possessed to satisfy said claim and prevent complainant from realizing on her execution, states a case for equitable relief,

since complainant could not proceed to sell her husband's interest in the land until his transfer had been set aside.

3. JUDGMENTS—RES JUDICATA—FRAUD.

    The rule that a court of chancery cannot review a decision of the probate court has no application to a case where the probate decree was procured by fraud, especially where it is being enforced to the prejudice of one not a party to it.

Appeal from Saginaw; Gage (William G.), J. Submitted November 12, 1907. (Docket No. 158.) Decided December 30, 1907.

Bill by Rachel A. Babcock against Charles Babcock and Clarence Babcock to set aside a certain conveyance, and to enjoin the sale of property. From a decree for complainant, defendants appeal. Affirmed.

*T. P. Zander* (*James H. Davitt*, of counsel), for complainant.

*Richard A. McKay* (*James Van Kleeck*, of counsel), for defendants.

CARPENTER, J. Complainant filed a bill of complaint in the circuit court for the county of Saginaw, in chancery, in which she averred that she obtained a divorce from the first-named defendant Charles Babcock and an award of alimony amounting to $1,176; that an execution to collect said alimony was levied upon certain real estate owned by the two defendants in undivided shares, they having inherited the same as heirs of their father, Lyman Babcock, who died February 2, 1899; that said Charles Babcock, her former husband, after the decree for the divorce and alimony was made, and before the execution was levied, fraudulently transferred his interest in said land to his co-defendant and brother, Clarence Babcock; that by collusion of the two defendants a fictitious claim of said defendant Clarence amounting to $2,780.50 was allowed against the estate of his father, said Lyman Babcock, and that proceedings are being taken to sell all the

real estate of which said Lyman Babcock died possessed to satisfy said claim and thereby prevent complainant from realizing on her said execution. The bill prayed for a decree setting aside the conveyance from defendant Charles to defendant Clarence, and for an injunction preventing the sale of the real estate to satisfy the claim of Clarence.

Defendants filed a demurrer to said bill upon the ground that complainant did not make a case for equitable relief. This demurrer was overruled and defendants given permission to answer. They filed no answer. Their default was taken and the case heard upon testimony taken in open court, and a decree rendered in complainant's favor.

From that decree defendants appeal, and the only complaint they make is this: That the bill "does not state a cause of action." The grounds of this complaint are no other than those raised by their general demurrer. Perhaps we might answer defendants' complaint by saying that the only proper way in which to raise this question was by appealing from the order overruling their demurrer. We think it best, however, to answer it by saying that the bill did state a case for equitable relief. Complainant could not properly proceed to sell her husband's undivided interest in the land on which she had levied her execution until his transfer of the same had been set aside. See *Cranson* v. *Smith*, 47 Mich. 189. Her only way to thwart the conspiracy of the two defendants by which it was sought to sell the land in payment of the fictitious claim of Clarence was by this proceeding in equity. The point made by the defendants that a chancery court cannot review the decision of the probate court has no application to a case where that decision is procured by fraud (see 2 Freeman on Judgments [4th Ed.], § 489), especially where it is being enforced to the prejudice of one who was not a party.

The decree is affirmed.

McALVAY, C. J., and GRANT, BLAIR, and MOORE, JJ., concurred.