BARRIS *v.* EMMONS.

1. ESTATES OF DECEDENTS—FRAUDULENT CONVEYANCES—EXECUTORS AND ADMINISTRATORS.

   In a suit by the administrator of an estate to set aside a conveyance, made by deceased to take effect at his death, of a life interest in his homestead to his widow and the remainder to his children by a former marriage, the deed was properly set aside as fraudulent to creditors, though the widow was the principal and largest claimant.

2. SAME—ACCEPTANCE—ESTOPPEL—PAYMENT.

   The widow could not be held to have accepted the conveyance as payment of her claim because she caused it to be recorded after her husband's death, where there was no recital that payment was intended, nor did her act estop her from objecting to its validity unless the other grantees so acted in reliance thereon as to prejudice their rights if it was set aside.

3. SAME—WIDOW'S RIGHTS—DOWER.

   Until her dower rights were assigned to the widow, she was entitled to occupy the homestead under 3 Comp. Laws, § 8929, 4 How. Stat. (2d Ed.) § 10921.

4. SAME.

   The suit being instituted by the administrator to subject the property of decedent to the rights of creditors, the attitude of the widow was not controlling.

5. SAME—RES JUDICATA—FRAUD.
   The contention that the claim of the widow against the estate
   was a fraud, was *res judicata,* after her claim had been allow-
   ed by the commissioners on claims and allowed at reduced
   amount on appeal to the circuit court, from which judgment
   no further appeal was taken.

Appeal from Allegan; Padgham, J.  Submitted Octo-
ber 11, 1912.  (Docket No. 37.)  Decided February 18,
1913.

Bill by Ransom J. Barris, as administrator *de bonis
non* of the estate of Alfred Emmons, against Emily E. B.
Emmons and others, to set aside a conveyance of decedent
for the benefit of creditors.  From a decree for complain-
ant, defendants appeal.  Affirmed.

*C. R. Wilkes,* for complainant.

*E. J. Doyle,* for defendants.

BROOKE, J.  The facts in this case are clearly stated in
the opinion of the learned  circuit judge, who heard it, as
follows:

" The bill in  this cause is filed by the administrator of
the estate of said Alfred Emmons, deceased, to subject
certain real estate (owned  by said Emmons at his de-
cease) to the payment of his debts, as allowed against
his estate; there being no personal estate with which to
pay said debts.  The said  Alfred Emmons died on, to
wit, the 7th day of June, 1907, intestate, and up to that
time was the  owner in fee of the  'east half of the west
half of  the southwest quarter of section 14, township 4
north, of range 12 west, Allegan  county, Mich.'  After-
ward, to wit, on the 27th day of  January, 1908, the pro-
bate court of Allegan county duly appointed the said John
A. Beamer administrator  of the estate of said Emmons,
deceased, who accepted the trust, filed  his bond, and re-
ceived letters of administration of said estate.  An in-
ventory and appraisal of said estate was duly made; and
the appraisal of  said real  estate was $3,000, and personal
was appraised at the sum of $211.  Afterward the wid-
ow's statutory allowance set off  to her by the probate

court, to wit, $200, and allowance to the said widow of $3 per week for the time of one year. This last amount has not been paid. The said Alfred Emmons, at the time of his decease, left a widow, Emily E. B. Emmons, him surviving, and three daughters by a former marriage, whose names are as follows [defendants herein]: Lydia J. Morehead, Esther Ann Bisbee, and Lillie E. Parsons. Commissioners on claims were duly appointed by the probate court, and claims were allowed by them to one Oscar Douglas for the sum of $54.25, and to Emily E. B. Emmons one claim of $65.85, and another claim of $916.57. After the allowance of the said claims by the commissioners, the above-named three daughters, heirs at law of said deceased, appealed from the allowance of the claim of $916.57, aforesaid, to the circuit court for the county of Allegan, which said appeal afterwards came on to be heard before the court without a jury; and, upon such hearing and trial, a verdict was rendered on such claim and appeal by the said court at the sum of $600, and interest at five per cent. from June, 1907. This verdict and judgment now referred to is reported back to the said probate court; the claim aforesaid was the amount found by the circuit court, not having been paid, and no assets available for the payment thereof, except the said land, and the said Alfred Emmons in his lifetime having made a warranty deed thereof to these defendants in this cause, to take effect at his death. The bill in this case was filed to set the same aside to the effect of having the said land subjected to the payment of said claims. The bill was filed under C. L. 1897, § 9363.

"This cause came on to be heard before the court on the issue joined herein, and proofs taken in open court. Proofs of the files and proceedings in the probate court in said estate offered and received in evidence, and from which it appears that on, to wit, the 10th day of March, 1910, the aforesaid John A. Beamer deceased, and petition for administrator *de bonis non* was filed, and Ransom J. Barris was duly appointed as such by the probate court on, to wit, the 7th day of June, 1910. Oral proofs were also offered on the hearing herein by both parties. From the evidence produced in the hearing, it appears that no assets, except as shown by original warrant and inventory and appraisal, ever came into the hands of John A. Beamer, as administrator of said estate, or into the hands of the said Ransom J. Barris, as administrator *de*

*bonis non* of said estate. And the only available assets of said estate to pay the claims against it, and which are still unpaid, is the said land in question, which is em-braced in said deed and running to the defendants in this case. I also find from the proofs that the said deed, so given by Alfred Emmons to defendants, was voluntary on his part, and no consideration therefor was paid by the grantees therein named, nor either of them. The said land, as shown by the proofs in the case, is of the value of from $2,500 to $3,000, and is the homestead of the widow, the said Emily E. B. Emmons, and was the homestead of the said Alfred Emmons at the time of his death. In consideration of the foregoing, I am of the opinion that the said deed be set aside for the purpose of subjecting the said land to the payment of the said debts against the estate, subject, however, to the right of said defendants to pay the said claims and the costs of the proceedings in the probate court and in the circuit court upon said appeal from commissioners' findings aforesaid, and, upon such payment, to retain the land in accordance with the terms of said deed. A decree may be prepared in accordance with this finding, for signature. It is suggested that the later papers be entitled in the name of the administrator *de bonis non*."

A decree having been entered in favor of complainant, defendants (other than Emily E. B. Emmons, against whom the bill was taken as confessed) have appealed.

Appellants first urge that the deed was made for a valuable consideration as to defendant Emily E. B. Emmons, and as to her it operated as a payment on the indebtedness to her; and, as it was in value greater than the amount of the indebtedness, such indebtedness was thereby paid in full. The deed itself does not indicate that it was made in consideration of the debt then owing from Emmons to his wife. Her testimony negatives the assumption, and the circuit judge found the contrary to be the fact. It is clear from the record that the deed was not delivered during the lifetime of the grantor.

It is next claimed by appellants that the deed was not void or voidable as to creditors, as it conveyed to the only creditor then existing an interest in land, in value equal to,

or greater than, the amount of the debt. This is simply stating the first proposition in a different way.

The deed speaks from the time of delivery. At that time, Mrs. Emmons was not the sole creditor of the estate. But, aside from this consideration, the position of appellants is fully met by the statement that the deed was a voluntary conveyance, without consideration.

Appellants say that, because Mrs. Emmons caused the deed to be recorded shortly after the death of her husband, she should now be held to be estopped to deny its validity. Appellants fail to point out how their conduct has been influenced through reliance upon this act of Mrs. Emmons. Her own conduct, after the deed was recorded, was the same as it would have been had the deed not been recorded.

As grantee of a life estate under the deed, she was entitled to possession of the description conveyed. As widow of Alfred Emmons (in the absence of the deed), she was still entitled to occupy the premises until some steps were taken to assign her dower. 3 Comp. Laws, § 8929 (4 How. Stat. [2d Ed.] § 10921); *Benedict* v. *Beurmann*, 90 Mich. 396, 402 (51 N. W. 461).

In this proceeding, however, Mrs. Emmons is neither asserting nor denying the validity of the instrument. The suit is brought by the administrator, who finds that there are debts of the estate which he is unable to satisfy without having recourse to this piece of real estate. The attitude of Mrs. Emmons is not important, and the fact that she happens to be the principal creditor of the estate has no bearing upon the rights or duties of complainant in the premises. If, however, the whole proceeding be considered as one taken in the interest of the widow, we see nothing calling for criticism in her course. She has a legal right to repudiate the deed (if she can do so) and to stand upon her rights as a creditor and as a widow entitled to her statutory rights.

It is said by appellants that the claim of Mrs. Emmons was proved by a fraud on the estate. We think that

question is foreclosed. She filed her claim before the commissioners on claims, where it was allowed at a certain sum. Her stepchildren (appellants here) appealed from such allowance to the circuit court, where the claim was reduced and allowed. No appeal from that judgment has been taken. Presumably appellants interposed their defense of fraud in the suit at law. At any rate, they had the opportunity so to do, and must now be held bound by the judgment. Moreover, this record contains no testimony tending to cast doubt upon the righteousness of that judgment.

The judgment is affirmed, with costs of both courts.

STEERE, C. J., and MOORE, MCALVAY, KUHN, STONE, and BIRD, JJ., concurred.

OSTRANDER, J. (*concurring*). The statute which is supposed to give the complainant administrator the authority to institute the present suit is 3 Comp. Laws, § 9363 (4 How. Stat. [2d Ed.] § 11074). The deed which he seeks to have set aside evidences, and all parties seem agreed upon this point, a testamentary disposition of property. With some hesitation, I have reached the conclusion that because the conveyance is a deed in form, and has been recorded as such, it may be said that the case is brought within that provision of the statute reading:

"Shall have so conveyed such estate that by law the deeds or conveyances are void as against creditors."

Every testamentary disposition of property is subject to the rights of creditors, although, if made by a last will, no one would suppose that it, or the probate of it, is subject to be set aside, as to creditors, by a decree in chancery. The rights of beneficiaries named in the will are simply postponed, in the settlement of the estate, to the rights of creditors. But in this case the deed, as a deed, is an apparent conveyance of the decedent's entire estate, and no sale of the premises can be made while the deed and the record thereof are in existence. For this

reason, I think the proceeding may be treated as a proper one.

In such cases, deeds are not set aside if the administrator is furnished funds with which to pay claims and expenses. The decree appealed from provides that no sale shall be made if funds are so furnished. It was proper, therefore, that claims not admitted should be proved, so that the extent of the provision, necessary to be made to avert a sale by the administrator, might be known. The largest, and only considerable, claim proven is presented by the widow, presented as a demand for more than $1,400, and allowed at $600. It is a contention of the heirs that the provision made for the widow in the deed made by the decedent was intended to be, and in law is, a payment or satisfaction of her claim; that, having herself caused the deed to be recorded after the death of her husband, she is in the position of one accepting the testamentary provision; that the administrator may not include the amount of her demand, as allowed, in the total of the unpaid debts of the estate.

It appears that her husband's debt to her was incurred soon after their marriage, and before the deed was executed, and was for money; that the husband had then and thereafter no other real estate than that described in the said conveyance. The general rule is:

"If one, being indebted to another in a sum of money, does by his will give him a sum of money as great as, or greater than, the debt, without taking any notice at all of the debt, this shall nevertheless be in satisfaction of the debt, so that he shall not have both the debt and the legacy."

See the rule and its exceptions stated, with citation of authorities, in Snell's Principles of Equity, p. 194 *et seq.;* 2 Story's Equity Jurisprudence (13th Ed.), § 1122. The rule was asserted by counsel, and to some extent applied by the court in *Rubert* v. *Rubert*, 126 Mich. 589 (85 N. W. 1118).

The question is whether the rule has any application to

the facts in this case. There is the further question whether, independent of the rule, it can be said that the deed was made and accepted in satisfaction of the debt. See *Lapham* v. *Lacy*, 161 Mich. 176 (125 N. W. 738); *McNamara* v. *Trust Co.*, 148 Mich. 346 (111 N. W. 1066); same case, 155 Mich. 585 (119 N. W. 1074). The rule has no application, because the testamentary disposition considered is not of a sum of money, not of the same nature as the debt, nor is it certain in its value. And the testimony (that of the wife concerning communications made by her to her husband, and by him to her, being excluded) does not lead to the conclusion that there was any promise to pay the debt by the interest conveyed by the deed, nor an acceptance of such interest as a payment.

I therefore concur in affirming the decree.