MLOODYANOWSKI v. RANIAK.

KRUKOWSKI v. SAME.

JUDGMENT—RES ADJUDICATA—DECREE IN EQUITY MAY NOT BE ATTACKED COLLATERALLY IN EJECTMENT.

A decree by a court of equity having jurisdiction of the parties and the subject-matter, unappealed from, determining interests in land, may not be attacked collaterally in an action in ejectment involving the same land and in effect the same parties; the matters involved being *res adjudicata*.

Error to Wayne; Collins (Joseph H.), J., presiding. Submitted February 2, 1927. (Docket Nos. 41, 42.) Decided April 1, 1927. Rehearing denied June 6, 1927.

Separate actions of ejectment by Stanley Mloodyanowski and another and Victor Krukowski and

_____

[1]Judgments, 34 C. J. §§ 831, 1355.

others against George Raniak and another.   Judgments for plaintiffs on directed verdicts.   Defendants bring error.   Affirmed.

. *Barbour & Martin* (*Charles C. Stewart,* of counsel), for appellants.

*Kaminski & Kowalski,* for appellees.

CLARK, J.   Plaintiffs in this action of ejectment claim title to a certain lot in the city of Detroit, Wayne county, by mesne conveyances from Susanna Mynell, whose record title need not be traced beyond a decree entered in the circuit court of Wayne county, in chancery, on September 4, 1915, in which cause defendants here, George Raniak and Mary Raniak, were plaintiffs and Susanna Mynell was defendant.   There plaintiffs Raniak filed bill against Miss Mynell to remove cloud from title to the lot and to other lands. Defendant Mynell answered and by cross-bill prayed affirmative relief, which, as we gather from the record, was specific performance of a contract as affected by a former decree of said court, and, in effect, that title be quieted, and for general relief.   Except for the Mynell interest, plaintiffs Raniak then were last grantees in the regular chain of title and were as well grantees of a purchaser of tax titles.   In that cause plaintiffs' bill was dismissed and Miss Mynell was decreed the relief prayed.   She complied with the provisions of the decree as shown by the record thereof in the office of the register of deeds.   The trial judge in the case at bar, holding that

\* \* \* "as the decree was not appealed from or vacated, it still remains in full force and effect, and that George and Mary Raniak are bound thereby,"

directed verdict for plaintiffs.   Defendants bring error.

Defendants here, the Raniaks, had at the time of

the suit in equity the same interests in the land that they contend for here.   Plaintiffs have succeeded to the interest of Miss Mynell.   In effect, the parties before us are the same as in the case in equity.   It is the same land.   The equity court had jurisdiction of the parties and of the subject-matter.   A decree was entered.   No appeal was taken or review sought. Now by futile contention of lack of jurisdiction it is sought to attack collaterally such decree, to point out irregularities in pleading and proof, and to try the case again.   This may not be done.   By virtue of the decree, the matters here urged by appellants are *res adjudicata.*

Judgment affirmed.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, and MCDONALD, JJ., concurred.   WIEST, J., did not sit.