BEATTY v. BROOKING.

OPINION OF THE COURT.

1. COURTS—PROBATE COURTS—ORDERS—PRESUMPTION OF VALIDITY.

A presumption exists, when the validity of any order or decree of a probate court is in question in any other suit or proceeding, that after 20 years everything which should have been done or proved to render the order or decree valid, which might have been proved by parol at the time of making the order or decree and was not required to be recorded, has been done or proved, unless the contrary appears on the same record (CL 1948, § 701.23).

2. SAME—PROBATE COURT—ORDERS—COLLATERAL ATTACK.

Probate orders, properly entered and not appealed, are not subject to collateral attack.

REFERENCES FOR POINTS IN HEADNOTES

[1]  30A Am Jur, Judgments § 36.
[2]  30A Am Jur, Judgments § 846.
[3]  30A Am Jur, Judgments § 758.
[4]  30A Am Jur, Judgments § 793 et seq.
[5]  2 Am Jur 2d, Adoption § 76 et seq.
[6, 9, 11]  30A Am Jur, Judgments § 324 et seq.
[7, 8]  41 Am Jur, Poor and Poor Laws § 9 et seq.
[10]  30A Am Jur, Judgments § 382 et seq.
[12, 13]  39 Am Jur, New Trial § 156 et seq.

3. JUDGMENT—EQUITY—PROBATE ORDER—FRAUD.

    Fraud which justifies equitable interference with a probate order must be positive fraud in obtaining the order and not merely constructive fraud.

4. SAME—EQUITY—PERJURY.

    Falsification of statements in probate proceedings can be likened to perjury or false testimony, neither of which is sufficient ground for equitable relief against judgment resulting from it.

5. SAME—ADOPTION—EQUITY—FRAUD.

    Alleged fraud perpetrated upon a court in petition for adoption by a woman who stated she was married to a certain man although there was no public record of the marriage and no record of a divorce from her first husband *held,* not to warrant equitable interference with validity of a 45-year-old adoption proceeding (CL 1948, § 701.23).

SEPARATE OPINION.

BAUM, J.

6. JUDGMENT—RES JUDICATA.

    *A final judgment on the merits, rendered by a court having jurisdiction over the subject matter and the parties, precludes them from relitigating the matters disposed of by the judgment.*

7. COURTS—PROBATE COURTS—SUPPORT OF POOR PARENTS.

    *The probate court has the power to order the children of any poor person to pay for his support if the child in question has the financial ability to do so (CL 1948, § 401.1 et seq., as amended by PA 1953, No 148).*

8. SAME—PROBATE COURTS—SUPPORT OF POOR PARENTS—JURISDICTION.

    *Statutory provision, empowering probate court to order a child of a poor person to pay his support, necessarily confers jurisdiction to determine any issue of filial status including the validity of an adoption order (CL 1948, § 401.1 et seq., as amended by PA 1953, No 148).*

9. JUDGMENT—RES JUDICATA.

    *A decision of a court having jurisdiction over the parties and the subject matter is* res judicata *not only of the issues which were actually litigated, but of those issues which could have been presented to the court.*

10. SAME—RES JUDICATA—MATTERS OF DEFENSE.

*The principle of res judicata applies to matters of defense as well as to claims which plaintiff may make.*

11. SAME—COURTS—JURISDICTION—RES JUDICATA.

*An action in probate court to order payment of support of mother by adopted daughter, and an action in circuit court by the daughter against the mother to invalidate the adoption proceedings, are contests between the same parties with the same issues of filial and maternal status, and where the probate court had jurisdiction of the parties and the subject matter in the support proceeding its decision on the merits is final and is res judicata of the issue presented in the second action.*

12. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—COLLATERAL ATTACK.

*Remedy of a litigant who has newly discovered evidence is by moving to reopen the proceeding to which the evidence relates, not by instituting a new action attacking the first judgment collaterally.*

13. SAME—NEWLY DISCOVERED EVIDENCE.

*No new trial will be granted on the basis of evidence which could have been produced in a prior proceeding by the exercise of ordinary diligence.*

Appeal from Oakland; Moore (Arthur E.), J. Submitted Division 2 June 8, 1967, at Lansing. (Docket No. 2,777.) Decided March 20, 1968.

Complaint by Frances Beatty against Alice Brooking seeking invalidation of adoption proceedings. Oakland county intervened on behalf of defendant. Judgment for plaintiff. Defendant appeals. Reversed.

*Milton F. Cooney,* for plaintiff.

*S. Jerome Bronson,* Prosecuting Attorney, *Robert W. Leutheuser,* Chief Appellate Counsel, and *Jack B. Baldwin,* Special Assistant Prosecuting Attorney, for defendant.

Lesinski, C. J. The defendant herein appeals from a judgment of the circuit court for Oakland county determining an adoption proceeding to have been fraudulently obtained and hence void.

The record reveals that on September 26, 1908, Patrick McCan and Alice Delong were married in Howell, Michigan. Alice Delong and defendant Alice Brooking are one and the same.

The defendant contended that in October of 1910 she married Clifford Brooking in Milwaukee, Wisconsin. The Milwaukee health department and the director of vital statistics of the Wisconsin board of health, however, report no record of such marriage.

The plaintiff herein was born Frances Jane Higley in 1910, the daughter of John and Rosetta Higley. On February 21, 1919, John Higley, as the only living parent of Frances, signed a declaration of adoption in the probate court of Wayne county. On February 26, 1919, the court entered an order declaring the child to be the adoptive daughter of the defendant and Clifford Brooking, changing her name to Frances Jane Brooking. The plaintiff lived with her adoptive parents until she was married in 1929, her married name being Frances Jane Beatty.

On May 10, 1930, Alice McCan, being the same Alice Brooking, procured a decree of divorce from Patrick McCan in the circuit court of Kent county in Grand Rapids, Michigan.

In 1964, some 45 years after the adoption proceedings, the plaintiff brought an action in the circuit court for Oakland county to set aside the 1919 adoption order adjudging the defendant and Clifford Brooking her adoptive parents. The plaintiff alleged that the adoption order was void in that at the time of those proceedings, the defendant was still legally married to Patrick McCan;

that the defendant wilfully and knowingly represented at the time of the adoption that she was the wife of Clifford Brooking; and that the defendant remained married to Patrick McCan until her divorce from him in 1930. Further, the plaintiff alleged that the defendant, because of the aforementioned allegations, was living either a bigamous or adulterous life at the time of the marriage and hence misled the court as to her worthiness to be an adoptive parent. The plaintiff contended that she first learned of the irregularities she herein alleges in February of 1964.

The trial court determined that the adoption of the plaintiff was fraudulently obtained and declared it void. It is from this decision that the defendant brings the present appeal, relying on CL 1948, § 701.23 (Stat Ann 1962 Rev § 27.3178-[23]),[1] in assignment of error in the determination made by the trial court.

The right to appeal from probate orders is presently limited by statute.[2] At the time of the adoption proceedings in the instant case, appeals were limited by PA 1915, No 314, which was essentially the same as the present. The order of adoption in the instant case was not appealed. Probate orders, properly entered and not appealed, pursuant to the applicable statutes, are generally not subject to collateral attack. See *Voigt* v. *Detroit Bank & Trust Company* (1960), 360 Mich 442.

---

[1] "When the validity of any order or decree of a probate court shall be drawn in question in any other suit or proceeding, everything necessary to have been done or proved to render the order or decree valid, and which might have been proved by parol at the time of making the order or decree, and was not required to be recorded, shall, after 20 years from such time, be presumed to have been done or proved, unless the contrary appears on the same record."

[2] CL 1948, § 701.36 (Stat Ann 1962 Rev § 27.3178[36]); CL 1948, § 701.43 (Stat Ann 1962 Rev § 27.3178[43]); CL 1948, § 701.44, as amended by PA 1966, No 181 (Stat Ann 1968 Cum Supp § 27.3178 [44]).

There are, however, cases that stand for the proposition that where the time for appeal has passed, equitable relief may be granted to set aside proceedings as fraudulent. *Ewing* v. *Lamphere* (1907), 147 Mich 659; *Babcock* v. *Babcock* (1907), 150 Mich 558; *Grigg* v. *Hanna* (1938), 283 Mich 443. In the aforementioned cases, attack upon the proceedings is not considered collateral but direct. The fraud which justifies equitable interference with a probate order must be fraud in obtaining the order and not merely constructive, but positive, fraud. *Ombrello* v. *Duluth, S. S. & A. R. Co.* (1930), 252 Mich 396.

In the instant case the plaintiff alleged that the defendant, by stating in the declaration of adoption that she was married to Clifford Brooking where no official record disclosed such marriage, perpetrated a fraud upon the probate court. Further, the plaintiff alleged the defendant "wilfully and knowingly" committed the alleged fraud. There is no evidence upon which the defendant's action could so be characterized. At most, the defendant's conduct could be labeled constructive fraud and that alone would not be sufficient to set aside the adoption proceedings. *Ombrello* v. *Duluth, S. S. & A. R. Co., supra.*

The falsification of statements in probate proceedings can be likened to perjury or false testimony. In both cases, if proved, a wrong has been committed. However, it has been stated that neither perjury nor forgery is sufficient ground for equitable relief in that the mischief that this approach would lead to would be far greater than the evil that is sought to be remedied. See *Columbia Casualty Co.* v. *Klettke* (1932), 259 Mich 564; *Voigt* v. *Detroit Bank & Trust Company, supra.* In adoption cases such as the present, the mischief becomes even greater in that the stability of the parent-child relationship would continually be under

a threatening cloud. The door would be opened to fictitious claims made by natural children challenging the adoption proceeding involving their adoptive brothers and sisters. As with all court proceedings, there must be a stage of finality that can be relied on by the parties involved, otherwise there would be no end to litigation, and attacks on such proceeding could be made *ad infinitum.*

We find, based upon the record, that equitable interference was not warranted. We are compelled to follow the dictates of CL 1948, § 701.23, *supra,* giving validity to probate orders after 20 years and uphold the validity of the 1919 adoptive proceedings. Further, the relationship between the plaintiff and defendant has existed for some 45 years, the plaintiff enjoying the benefits of a home that it appears she would otherwise not have enjoyed. Any other holding by this Court would evade the clear policy of the statute and the hoped for permanence of probate orders.

Reversed. Costs awarded to the appellant.

QUINN, J., concurred with LESINSKI, C. J.

BAUM, J. (*concurring*). I concur, on the ground that a judgment of the Oakland county probate court bars the plaintiff from questioning the defendant's status as her mother.

Frances Beatty brought this lawsuit to establish that Alice Brooking is not her lawful mother. Apparently she did this to be relieved of any obligation to support Alice Brooking.

There is an order of the probate court of Wayne county, almost a half century old, by which it appears that Alice Brooking and her husband, Clifford, adopted the plaintiff, Frances Beatty, when she was a child of tender years. But Frances

Beatty contends that she was not lawfully adopted by the Brookings, because they were not husband and wife when the adoption order was entered in 1919. Frances Beatty seeks to have the adoption order set aside on the ground that it was procured by fraud, in that Alice Brooking misrepresented her marital status to the Wayne county probate court. Frances Beatty also insists that the adoption order of 1919 is void for lack of jurisdiction, because she was then a resident of Indiana and no guardian was appointed for her, despite her infancy.

The trouble with Mrs. Beatty's claim is that she recently had an opportunity in another forum to litigate the very issue presented by this case: the issue of her filial relationship to Alice Brooking. The decision in that forum, adverse to her, is *res judicata* of the issue.

The proceeding referred to took place in the probate court of Oakland county, Judge Donald Adams presiding. The proceeding was a "poor law" action by the State of Michigan, pursuant to CL 1948, § 401.1 *et seq.*, as amended by PA 1953, No 148 (Stat Ann 1960 Rev § 16.121 *et seq.*), to compel Frances Beatty to support Alice Brooking, as a dependent parent. It culminated in a judgment on January 16, 1964, ordering Frances Beatty to pay the State department of social welfare $24 a month for the support of her mother, Alice Brooking. Under the statute in question, the Oakland county probate court must have decided that Alice Brooking was Frances Beatty's mother.

A final judgment on the merits, rendered by a court having jurisdiction over the subject matter and the parties, precludes them from relitigating the matter or matters disposed of by the judgment. *Knowlton* v. *City of Port Huron* (1959), 355 Mich 448.

There can be no question that the judgment of
the Oakland county probate court was a final adju-
dication and was on the merits.

The probate court of Oakland county had juris-
diction over the person of Frances Beatty. She
was named as a respondent in the "poor law"
proceeding. An attorney appeared for her and
contested the proceeding on the merits. By her
own testimony she made five or six support pay-
ments pursuant to the support order of the pro-
bate court.

The parties in the instant suit and in the pro-
bate proceeding are the same. The "poor law"
proceeding was entitled "In the matter of Alice
Brooking." Either Alice Brooking was a party to
the "poor law" proceeding, or the State of Michigan
was acting on her behalf, and as her privy. At
the time of the "poor law" case the State was pay-
ing for Alice Brooking's support and was subrogated
to the right of support which Alice Brooking had
against Frances Beatty. Thus the contest in the
Oakland county probate court was between the
same persons who are parties to the present case,
or their privies. *Weeks* v. *Downing* (1874), 30 Mich
4; *Mloodyanowski* v. *Raniak* (1927), 238 Mich 296.

There is no doubt that the Oakland county pro-
bate court had jurisdiction of the subject matter.
CL 1948, § 401.1 *et seq., supra,* empowers the pro-
bate court, upon notice and hearing, to order the
"children of any poor person" to pay for such poor
person's support, if the child in question has the
financial ability to do so. The statute necessarily
confers jurisdiction to determine whether the re-
spondent is a child of the pauper and, incidental-
ly, to determine any issue of fact or law upon

which filial status may turn.*   This includes juris-
diction to determine the validity of the Wayne
county probate court adoption order.

The matter before this Court is the same matter
adjudicated in the Oakland county probate court.
It is not clear from the record whether Mrs. Beatty
presented evidence in the Oakland county probate
court to prove that Alice Brooking was not her
mother.   But it really doesn't matter, inasmuch as
she had an opportunity to do so.   *Barris* v. *Emmons*
(1913), 173 Mich 590.

The decision of a court having jurisdiction over
the parties and the subject matter is *res judicata,*
not only of the issues which were actually litigated,
but of those issues which could have been presented
to the court.   In *Gursten* v. *Kenney* (1965), 375
Mich 330, 335, the Michigan Supreme Court quotes
with approval the following rule:

" ' "The plea of *res judicata* applies, except in
special cases, not only to points upon which the
court was actually required by the parties to form
an opinion and pronounce a judgment, but to every
point which properly belonged to the subject of
litigation, and which the parties, exercising reason-
able diligence, might have brought forward at the
time." ' "

The principle of *res judicata* applies not only to
claims which plaintiffs may make, but applies as
well to matters of defense.   *Barris* v. *Emmons,*
*supra,* holds that a valid judgment for the plain-
tiff operates to bar not only the defenses inter-
posed and adjudicated, but also those which might
have been raised.

In summary, we observe that the "poor law"
contest in the probate court was between the same

* Patently, the legislature has constitutional power to grant such
jurisdiction to the probate court.   Const 1908, art 7, § 13; Const
1963, art 6, § 15.

parties as the instant suit, or their privies; the issue of filial and maternal status was the same; the probate court had jurisdiction of the parties and the subject matter; and its decision was final and on the merits. We conclude, therefore, that the decision of the Oakland probate court is *res judicata* of the issue presented in the case at bar.

We are not impressed with the argument that Frances Beatty did not know of the infirmity in the Brookings' marital status during the pendency of the "poor law" proceeding.

In the first place, if some newly discovered evidence were to provide a basis for reopening the Oakland county probate proceeding, Frances Beatty's remedy would be to make such a motion in the probate case and not to attack the Oakland county probate judgment, collaterally, in these proceedings.

In the second place, by Frances Beatty's own testimony, she had notice, during the pendency of the Oakland county probate court proceedings, of a possible infirmity in the marital status of Alice and Clifford Brooking. She testified that she told her lawyer in the Oakland county probate proceeding what she knew concerning this infirmity.

This cuts the ground out from under any claim by Frances Beatty that she didn't become aware of the invalidity of Alice Brooking's 1910 marriage until after the conclusion of the support proceeding in the Oakland county probate court. When the Oakland county probate proceeding was pending, Frances Beatty was bound to use due diligence to gather all her ammunition so that it might be used in that contest. She cannot have the benefit of a new trial on the basis of evidence which could have been produced in the "poor law" proceeding by the exercise of ordinary diligence. *Grossman* v. *Langer* (1934), 269 Mich 506.

Frances Beatty did not appeal the order of the Oakland county probate court. Instead she respected it and paid the support for a period of time. She started the instant action in the Oakland county circuit court after the time for appeal of the probate order had expired. Frances Beatty had her day in court. She is not entitled to a second day. She is barred by the judgment of the Oakland county probate court from questioning the status of Alice Brooking as her lawful mother.

For these reasons the judgment below should be reversed with costs to the appellant.