MINOR CHILD *v.* STATE HEALTH COMMISSIONER

1. STATUTES—CONSTRUCTION—INTENTION OF STATUTES—CONFLICTS BETWEEN STATUTES.

    Statutory provisions should be construed whenever possible so as not to conflict with other statutory provisions; where one statutory provision expresses a specific intention that conflicts with a general intention expressed elsewhere, the particular intention is to be regarded as an exception to the general intention.

2. MANDAMUS—STATE OFFICIAL—COURT HAVING JURISDICTION—STATUTORY PROVISIONS.

    Statute providing that, whenever the state health commissioner is not satisfied that there is sufficient evidence before him to warrant granting of a request to change a birth certificate, the circuit courts are authorized to order the state health commissioner to make the change, takes precedence over a general statutory provision that all actions for mandamus against state officers are to be commenced in the Court of Appeals or Supreme Court; therefore it was proper for a minor child, acting through her next friend, to bring an action in circuit court for an order directing the state health commissioner to change the name of the father on plaintiff's birth certificate (CLS 1961, §§ 326.17, 600.4401).

3. RECORDS — BIRTH CERTIFICATE — AMENDMENT — PROCEDURE — STATUTES.

    The fact that plaintiff's original birth certificate was issued 5 years after her birth pursuant to a probate court order does not restrict her efforts to amend the certificate to appealing

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am Jur, Statutes § 223 *et seq.*
[2] 34 Am Jur, Mandamus § 15 *et seq.*
[3, 4] 34 Am Jur, Mandamus § 178 *et seq.*
[5] 30 Am Jur 2d, Evidence § 1007.
[6] 10 Am Jur 2d, Bastards § 23.

or seeking amendment of the probate court order; an action may be brought in circuit court to order the state health commissioner to amend *any* birth certificate (CLS 1961, §§ 326.17, 326.31).

4. RECORDS—PROBATE COURTS—BIRTH CERTIFICATE—STATUTES.

A probate court order under the vital statistics and records act which orders the issuance of a birth certificate only has the effect of making that certificate admissible in court proceedings; therefore the certificate is not conclusive and circuit courts are not barred from correcting it (CLS 1961, §§ 326.31, 326.33).

5. RECORDS—BIRTH CERTIFICATE—PROBATE COURT.

A birth certificate issued pursuant to probate court order has no greater status than a certificate issued in the normal way.

6. PARENT AND CHILD—PATERNITY—EVIDENCE—WITNESSES.

Use by circuit court of testimony of people other than a child's mother or either of her 2 husbands, and disregarding of sworn statement of mother in earlier proceedings, in determining whether the child was fathered by the mother's first or second husband *held* proper; testimony from the mother or either of the husbands as to access or non-access is inadmissible in evidence, but testimony of others is admissible.

Appeal from Wayne, Neal Fitzgerald, J.  Submitted Division 1 January 10, 1969, at Detroit. (Docket No. 5,248.)  Decided February 25, 1969.

Complaint by a minor child, by its next friend, against the State Health Commissioner to determine paternity and cause correction in birth records. Order and judgment directing change in records. Defendant appeals.  Affirmed.

*Butzel, Levin, Winston & Quint* (*Henry H. Sills,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Maxine Boord Virtue,* Assistant Attorney General, for defendant.

BEFORE: Lesinski, C. J., and J. H. Gillis and T. M. Burns, JJ.

Lesinski, C. J. Plaintiff, a minor child, was born August 12, 1957 in Detroit Memorial Hospital. The birth was not recorded within five days as required by CLS 1956, § 326.12, (Stat Ann 1956 Rev § 14.- 232). Not until June 12, 1962 did plaintiff's mother apply to Wayne county probate court for a delayed birth certificate pursuant to CL 1948, § 326.31 (Stat Ann 1956 Rev § 14.271). At that time the mother designated her first husband as father of plaintiff despite the fact that the mother had divorced him on September 9, 1957 and married her second husband on March 17, 1958. The probate court entered an order directing the Michigan Department of Health to issue a delayed birth certificate naming the first husband as father.

In this action, instituted October 3, 1967, plaintiff proceeded in Wayne county circuit court to obtain an order requiring the commissioner to issue a corrected birth certificate naming the mother's second husband as father of plaintiff. This action was brought pursuant to CLS 1961, § 326.17 (Stat Ann 1956 Rev § 14.237), after the commissioner declined to correct the birth certificate under that section.

The circuit court entered a judgment determining the second husband to be plaintiff's father and directing the commissioner to correct plaintiff's birth certificate. From that judgment, the State appeals.

The State initially contends that plaintiff's complaint requesting circuit court relief in the form of an order to the commissioner to correct the delayed birth certificate is in effect an action of mandamus against a state officer cognizable only in the Court of Appeals. In support, the State cites CLS 1961,

§ 600.4401, as amended (Stat Ann 1969 Cum Supp § 27A.4401), which provides:

"All actions for mandamus against state officers shall be commenced in the court of appeals or in the supreme court, as provided by rules of the supreme court."

In contravention plaintiff asserts jurisdiction of the circuit court under CLS 1961, § 326.17, *supra:*

"Whenever the state health commissioner is not satisfied that sufficient evidence has been submitted to him to correct facts which are claimed to be not correctly stated in any certificate of birth or death heretofore registered, *the circuit courts of this state * * * are hereby authorized* to order the state health commissioner to correct said birth or death certificate in accordance with said court's determination and also order the state health commissioner to issue a copy of the corrected birth record containing the corrected facts." (Emphasis supplied.)

It is a principle too common to require citation that statutes will be construed whenever possible so as to avoid contradiction. Similarly, it is a principle of construction that where there is expressed a general intention and also a particular intention which is inconsistent with the general one, the particular intention shall be considered an exception to the general one. *Evanston Y. M. C. A. Camp* v. *State Tax Commission* (1962), 369 Mich 1; *Mayor of Port Huron* v. *City Treasurer of Port Huron* (1950), 328 Mich 99; *Attorney General, ex rel. Owen,* v. *Joyce* (1926), 233 Mich 619.

In applying the above principles, we conclude that CLS 1961, § 600.4401, *supra,* does not bar plaintiff from bringing her action in circuit court, according to the express grant of jurisdiction to the circuit court in CLS 1961, § 326.17, *supra.* Section 326.17, in

expressly authorizing the circuit court to order the state health commissioner to correct the birth certificate, clearly demonstrates the particular intention of the legislature that § 600.4401 be inapplicable. See *Scallen* v. *State Health Commissioner* (1965), 376 Mich 64 (where the Supreme Court affirmed an order by the circuit court directing correction by the commissioner of plaintiff's birth certificate).[1]

The State alternatively contends that the probate court and not the circuit court was the proper court for attempted correction of the birth certificate. The State so contends because the original certificate in this case was issued pursuant to probate court order under the act entitled "An act to provide for the registration of unreported, unrecorded and foreign births", CLS 1961, § 326.31, title as amended by PA 1959, No 63 *et seq., supra,* rather than by the health department within five days after birth under the vital statistics and records act, CLS 1956, § 326.12, *supra.* The State asserts that the probate court order to the department of public health precludes suit by plaintiff in circuit court, and that plaintiff's remedy for correction is by way of amendment or appeal from the probate court order.[2]

Examination of the statutes referred to by the State discloses that correction by way of a rehearing, modification, or by an appeal must be requested within one year of the court's order, except where

[1] This result is analogous to *Eager* v. *State Highway Commissioner* (1965), 376 Mich 148, where the Court affirmed a circuit court judgment for ejectment against the state highway commissioner on the basis that this was an ejectment action which must be commenced and tried in the county where the property is located. See, also, *Minarik* v. *State Highway Commissioner* (1959), 336 Mich 209; *Mount Clemens Harness Ass'n* v. *Racing Commissioner* (1960), 360 Mich 467; *Civil Service Commissioner* v. *Secretary of State* (1967), 379 Mich 613.

[2] CL 1948, § 701.19, as amended by PA 1965, No 22 (Stat Ann 1969 Cum Supp § 27.3178[19]; CL 1948, § 701.36 (Stat Ann 1962 Rev § 27.3178[36]); CL 1948, § 701.43 (Stat Ann 1962 Rev § 27.3178 [43]); CL 1948, § 701.44, as amended by PA 1966, No 181 (Stat Ann 1968 Cum Supp § 27.3178[44]).

fraud is involved. *Beatty* v. *Brooking* (1968), 9 Mich App 579. In the instant case no correction was requested until five years after issuance of the order, and absent a showing of fraud, relief would be denied under the statutes claimed controlling by the State.

Although appeal is one proper means for obtaining correction of the birth certificate, we find §§ 326.-17 and 326.31 should be read in *pari materia* at least to the extent that a birth registration under § 326.31 is also correctable under § 326.17. Section 326.17 expressly provides for circuit court correction of *"any* certificate of birth or death heretofore registered". (Emphasis supplied.) Nowhere is application of the section restricted to registrations occurring under the vital statistics and records act.[3] Furthermore, the unreported, unrecorded and foreign births act expressly provides that an order by the probate judge in issuing a birth certificate under §§ 326.31 and 326.33 only has the effect of making that certificate admissible in evidence in all courts and proceedings. Nowhere is the certificate deemed conclusive or even *prima facie* evidence. Therefore, the probate order issued pursuant to the unreported, unrecorded and foreign births act is not a conclusive determination of the facts and does not bar the circuit court from correcting such certificate pursuant to express statutory authority.[4]

---

[3] Accord, OAG, 1941–1942, No 21131, p 364 (October 2, 1941) (allowing for correction of a certificate of adoption filed with the department in lieu of a birth record under the statute which provides for the correction of birth records).

[4] Compare the instant case and Opinion of Attorney General, *supra*, note 3, with *Beatty* v. *Brooking* (1968), 9 Mich App 579. In *Beatty*, the plaintiff brought an action in circuit court to set aside an adoption order of the probate court. This Court held the probate court adoption order to be *res judicata*, and not subject to collateral attack in circuit court. The *Beatty Case* is distinguishable because: (1) the adoption order has the status of a judgment and is not a mere

In accord with the position that a birth certificate issued pursuant to court order has no greater status than a certificate normally registered is *United States* v. *Casares-Moreno* (SD Cal, 1954), 122 F Supp 375, 378, *affirmed* (CA9, 1955), 226 F2d 873. There the court stated regarding a delayed birth certificate ordered for filing by the superior court of Los Angeles county:

"A reading of this chapter in its entirety shows that the intent of the legislature was to have such belatedly established record take its place alongside the promptly recorded records. There is no indication that the legislature intended to raise records or parts of records so belatedly established to any greater status than the normally registered records which are never, in cases of birth recordation, to be taken as irrebuttable evidence. In other words, it appears that the role of the superior court in ordering the recordation partakes of an administrative function. It is merely an act of recordation which has been permitted by judicial action rather than by an administrative officer.

"An analogous situation is the case of a judicial replacement of a lost or destroyed instrument or record [in which] 'the judgment or decree of substitution merely supplies record evidence of a record previously in existence, * * * and determines that such record * * * is replaced by a substitute * * * and does not establish the legal sufficiency of such substitute for any particular purpose, this being the same as that of the original record'."

See, also, *Mah Toi* v. *Brownell* (CA9, 1955), 219 F2d 642.

The State also contends that the circuit court erred in finding plaintiff to be the child of her mother's

administrative function accomplished by judicial action, (2) in *Beatty* plaintiff sought to void the entire adoption certificate pursuant to CLS 1961, § 326.17 (Stat Ann 1956 Rev § 14.237).

second husband based upon evidence of persons other than plaintiff's mother, the mother's first husband and the mother's second husband. The State alleges that the presumption of legitimacy together with the sworn statement of the mother as to parentage during the earlier probate proceedings preclude the court from finding the mother's second husband to be plaintiff's father.

The rule as to competency of testimony regarding illegitimacy known as Lord Mansfield's rule has been followed by this Court as recently as in *Maxwell* v. *Maxwell* (1969), 15 Mich App 607. However, the application of Lord Mansfield's rule in *In re Wright's Estate* (1927), 237 Mich 375, is controlling because there, as in the instant case, plaintiff would be legitimate if either husband were deemed the father.[5]

In the *Wright Case,* a majority of the Supreme Court affirmed rejection of the testimony of the putative father regarding nonaccess and facts tending to establish nonaccess. In so holding, the Court referred to *Yanoff* v. *Yanoff* (1927), 237 Mich 383, 388 which states the general rule:

"The law, however, adheres to the rule excluding both husband and wife from testifying on the subject of access or nonaccess. This leaves the proof to be made by others and admits of facts and circumstances bearing on the question and of reasonable inferences drawn therefrom."

Under this general rule, we find the trial court acted properly in disregarding the mother's testi-

---

[5] If the first husband is deemed the father, plaintiff will not be declared illegitimate because she was born in lawful wedlock; if the second husband is deemed the father, plaintiff is legitimate because of the statute providing that if the father marries the mother after birth of the child, the child shall be considered legitimate, CLS 1961, § 702.83, as amended by PA 1965, No 162 (Stat Ann 1969 Cum Supp § 27.3178[153]).

mony. Similarly, testimony of the first and second husbands would not have been admissible under the Lord Mansfield rule.

As the quoted portion of the *Yanoff Case* indicates, proof of parentage is to be presented by others than the alleged mother and father. The Supreme Court, in the *Wright Case,* was in complete accord that proper evidence included hearsay testimony of friends of Wright's mother as to disclosures by the mother that the mother's second husband was the father of Wright. The declarations of the mother, as testified to by others, were admitted by the Court under the pedigree exception to the hearsay rule. See *Kotzke* v. *Kotzke's Estate* (1919), 205 Mich 184. Similarly, in the instant case, hearsay testimony of family and close acquaintances regarding statements as to parentage of plaintiff is admissible under the pedigree exception.

Upon a review of all the evidence, it cannot be said that the trial court erred in concluding that the presumption, that the plaintiff minor child was born of her mother's first husband during their wedlock, was overcome by the testimony of family and acquaintances of plaintiff's mother.

Affirmed.

All concurred.