# STATE OF MICHIGAN

# COURT OF APPEALS

FIFTH THIRD MORTGAGE COMPANY,

    Plaintiff-Appellee,

v

TIMOTHY M. JODWAY and ALIANA M.
ZANKE-JODWAY,

    Defendants-Appellants.

UNPUBLISHED
December 4, 2018

No. 333926
Charlevoix Circuit Court
LC No. 2015-029825-CH

ON REMAND

Before: M. J. KELLY, P.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

This case returns to us on remand from our Supreme Court. We clarify that res judicata does not bar Defendant Timothy Jodway's recoupment defense, vacate the portion of the trial court's order to the extent that it dismissed that defense, and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The facts underlying this case were set forth in our previous opinion:

In July 2005, the Jodways entered into a purchase agreement to purchase a second home in Boyne City, Michigan (the property) for $649,000. Shortly thereafter, the Jodways executed a mortgage on the property with Fifth Third Mortgage-MI, LLC (Fifth Third LLC), to secure a loan in the same amount. In 2008, the Jodways filed suit in Charlevoix Circuit Court against multiple parties, including Fifth Third LLC and . . . Boyne City. The complaint largely concerned a "storm water easement" that, unbeknownst to the Jodways at the time of purchase, the previous owners of the property had granted to Boyne City and the adverse effects the easement had had on the Jodways' enjoyment of the property. Boyne City removed the case to federal court on federal question grounds based on the Jodways' assertion of claims under 42 USC § 1983. The Jodways filed an amended complaint in the federal court, alleging in pertinent part that Fifth Third LLC had fraudulently induced them into the mortgage transaction by failing to disclose that, shortly before their purchase of the property, it had been sold for

-1-

more than $100,000 less than the Jodways' purchase price. The Jodways requested rescission of the note and mortgage. In 2010, the federal district court dismissed the Jodways' claims against many of the party defendants, including Fifth Third LLC, for lack of prosecution. See FR Civ P 41(b).

The Jodways defaulted on the mortgage sometime in 2010. In January 2011, Fifth Third LLC assigned the mortgage on the property to plaintiff. In June 2014, plaintiff initiated foreclosure by advertisement proceedings, but the sheriff's sale was stayed as a result of defendant Timothy Jodway's filing of a Chapter 13 bankruptcy proceeding. In that proceeding, the Jodways filed an adversary complaint against Fifth Third LLC and plaintiff, again asserting fraudulent inducement and claiming that the note and mortgage were void. In April 2015, the bankruptcy court dismissed the complaint with prejudice on the grounds of res judicata and collateral estoppel.

Plaintiff then obtained a termination of the automatic bankruptcy stay as to its interest in the property, and in July 2015 filed the instant complaint for foreclosure. The Jodways did not dispute that the mortgage was in default but maintained, as a defense, that Fifth Third LLC had violated federal laws and regulations. Specifically, the Jodways asserted the affirmative defense of recoupment. They also presented equitable arguments in support of their position that the mortgage was unenforceable. The trial court agreed with plaintiff that the defenses were barred by res judicata and collateral estoppel and granted plaintiff a judgment of foreclosure. The trial court denied the Jodways' motion for reconsideration . . . .[1]

In our previous opinion, we held that defendants were not precluded from asserting the defense of recoupment "premised on plaintiff's alleged violation of the Equal Credit Opportunity Act, 15 USC 1691 *et seq* . (ECOA)."[2] We further stated that such a defense may "invalidate a spouse-guarantor's guaranty of a mortgage, as well as [allow for] other remedies permitted by the ECOA."[3] We vacated the trial court's order with respect to the denial of defendant Alaina Zanke-Jodway's recoupment defense. We denied defendants' motion for reconsideration of our opinion.

Defendants applied for leave to appeal to our Supreme Court. The Court, in lieu of granting leave, remanded the case to this Court "for consideration of the issue . . . regarding

---

[1] *Fifth Third Mtg Co v Jodway*, unpublished opinion per curiam of the Court of Appeals, issued November 14, 2017 (Docket No. 333926), pp 1-2.

[2] *Id*. at 6-7.

[3] *Id*.

Timothy M. Jodway's recoupment defense."[4]  The Court directed us to clarify "whether the trial court incorrectly determined that the doctrine of res judicata bars Timothy M. Jodway's recoupment defense, and . . . if res judicata does not apply, determine whether to vacate that portion of the trial court's award dismissing Timothy M. Jodway's recoupment defense and to remand for further proceedings."[5]

## II.  RES JUDICATA DOES NOT BAR TIMOTHY JODWAY'S ASSERTION OF A RECOUPMENT DEFENSE BASED ON ALLEGED ECOA VIOLATIONS

The trial court did not expressly address the affirmative defense of recoupment. However, its ruling regarding res judicata effectively barred defendants from asserting that defense.  As we noted in our earlier opinion, res judicata may bar a subsequent defense that could have been raised as a claim in the first action.  See *TolTest, Inc v North Am Specialty Ins Co*, 362 Fed Appx 514, 517 (CA 6, 2010).  See also *Detroit v Nortown Theatre, Inc*, 116 Mich App 386, 398-399; 323 NW2d 411 (1982); *Beatty v Brooking*, 9 Mich App 579, 588; 157 NW2d 793 (1968) (BAUM, J., concurring) ("The principle of *res judicata* applies not only to claims which plaintiffs may make, but applies as well to matters of defense."), citing *Barris v Emmons*, 173 Mich 590, 591, 594-595; 139 NW 872 (1913) (disallowing the defense of fraud to a decedent's widow's claim on the decedent's estate where that defense had, or could have, been raised in earlier litigation).

As we noted in our earlier opinion, plaintiffs could not have asserted ECOA violations in the previous federal action because those claims would have been time-barred; nonetheless, defendants were not precluded from raising ECOA violations as a defense to plaintiff's suit for foreclosure.  See *McCoig Materials, LLC v Galui Const, Inc*, 295 Mich App 684, 695; 818 NW2d 410 (2012); see also *Mudge v Macomb Co*, 458 Mich 87, 107; 580 NW2d 845 (1998).  And we are persuaded that remedies for violations of the ECOA are available to a loan applicant (here, Timothy Jodway) as well as a spouse-guarantor (here, Alaina Zanke-Jodway).  See *RL BB Acquisition, LLC v Bridgemill Commons Dev Group, LLC*, 754 F3d 380, 384, 387 (CA 6, 2014) (stating that " 'applicants' have the ability to sue for ECOA violations", see 15 USC 1691e, upholding the agency definition of "applicant" that encompassed guarantors, see Regulation B, see 12 C.F.R. § 202.2(e), 12 C.F.R. § 1002.2(e), and holding that a defendant may raise a violation of ECOA as an affirmative defense);[6] see also *Fed Deposit Ins Corp v Notis*, 602 A2d 1164, 1165 (Me, 1992) (holding that the defendant could raise the defense, in the plaintiff's foreclosure action, that the plaintiff violated the ECOA by requiring his wife's signature on the promissory note when she was not an applicant for the loan); *Mundaca Investment Corp v*

---

[4] *Fifth Third Mtg Co v Jodway*, ___ Mich ___; ___ NW2d ___ (Docket No. 157212, entered September 12, 2018).

[5] *Id*.

[6] The specific issue presented in *RL BB Acquisition* was whether the spouse-guarantor in that case could present recoupment as an affirmative defense.  Hence our original determination with respect to the denial of defendant Alaina Zanke-Jodway's recoupment defense.

*Emery*, 674 A2d 923, 925 (Me, 1996) (stating that "[t]he allegation of an ECOA violation may be asserted as an affirmative defense to the liability on the debt by either the applicant or the spouse.").[7]

We therefore clarify that the doctrine of res judicata does not bar either defendants' assertion of a recoupment defense based on a violation of the ECOA.[8] We vacate the portion of the trial court's order to the extent that it dismissed Timothy Jodway's recoupment defense, and remand for further proceedings. Because our Supreme Court did not vacate, reverse, or direct us to clarify any other portion of our previous opinion, that opinion in all other respects stands as the law of the case. See *Grievance Administrator v Lopatin*, 462 Mich 235, 260; 612 NW2d 120 (2000).

Vacated in part and remanded for further proceedings. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra

---

[7] Cases from other jurisdictions are not binding on this Court, but may be persuasive. *Hiner v Mojica,* 271 Mich App 604, 612; 722 NW2d 914 (2006).

[8] We express no opinion on the merits of either defendants' assertion of the defense of recoupment, only that the assertion of such is not barred by res judicata. We note further that violations of the ECOA generally do not "void the underlying debt obligation nor any other guaranties." See *Silverman v Eastrich Multiple Investor Fund, LP*, 51 F3d 28, 33 (CA 3, 1999).